UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-5423 DSF (AJWx) | Date | 08/20/08 |
|---|---|---|---|
| Title | Adam Matthew Stone, et al. v. Universal City Studios, LLLP, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) DENYING Application For Temporary Restraining Order

    Before the Court is Plaintiffs' application for a temporary restraining order. For the reasons given below, the application is DENIED.

    The standard for granting a temporary restraining order is essentially the same as that used for granting a preliminary injunction. See City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir. 1985). The Court must balance "the plaintiff's likelihood of success against the relative hardship to the parties." Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810 (9th Cir. 2003). The Ninth Circuit has provided two sets of criteria. "Under the traditional criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). . . . Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005) (citation and internal quotation marks omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." Id. (internal quotation marks and citations omitted). As a result, "the greater the relative hardship to the party seeking the [temporary restraining order], the less probability of success must be shown."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

<u>Clear Channel Outdoor Inc.</u>, 340 F.3d at 813 (internal brackets and citation omitted).

Plaintiffs' application fails for several reasons. First, the Court appears to lack subject matter jurisdiction over the complaint.

> [N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a).

In interpreting section 411(a), there is a difference in opinion among the courts whether issuance of a copyright certificate is required for subject matter jurisdiction – the "registration approach"[1] – or if application for registration is sufficient – the "application approach."[2] The Ninth Circuit has not yet decided the matter. Consistent with its past rulings, this Court follows the registration approach as it believes it to be more consistent with the language of the Copyright Act. As Plaintiffs admit that they do not have a valid copyright registration certificate, (Compl. ¶ 12), the Court lacks subject matter jurisdiction.

In addition to their subject matter jurisdiction difficulties, Plaintiffs' request for emergency ex parte relief is severely undercut by their delay in bringing the application. Plaintiffs began correspondence with Defendants on June 9 and possibly were aware of Defendants' alleged infringement even earlier. (<u>See</u> Levine Decl., Ex. A; Stone Decl. ¶¶ 8-9.) Despite this, the application for a temporary restraining order was filed on August 19, three days before the widely publicized release date for the allegedly infringing film.

Further, while the limited information before the Court indicates that Plaintiffs may have some chance of success on the merits, the chance of success is not particularly strong and the balance of hardships tips dramatically in favor of the Defendants. Defendants have produced and heavily promoted the accused film based on a release date

---

[1] <u>See</u> <u>La Resolana Architects, PA v. Clay Realtors Angel Fire</u>, 416 F.3d 1195, 1200-1207 (10th Cir. 2005).

[2] <u>See</u> <u>Lakedreams v. Taylor</u>, 932 F.2d 1103, 1108 (5th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

of August 22, 2008.  Defendants have provided evidence to show that they have spent $30 million on promotion of the film and that much of this investment would potentially be wasted if the film were not released on its promoted date of August 22.  (See Egan Decl. ¶¶ 4, 9-26.)  In contrast, Plaintiffs submit no reason why they would be irreparably harmed if the film were to be released and instead rely on the presumption of irreparable harm in copyright cases.  (See Pl. Mem. at 4.)  Whatever the force of that presumption, it is clearly overcome by the facts of this particular case.

     Plaintiffs' application for a temporary restraining order is DENIED.

     IT IS SO ORDERED.